1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11   MIKE BAZLEY,

12           Petitioner,                    No. 2:11-cv-3232 GEB AC P

13       vs.

14   ROBERT AMBROSELLI, Director,           FINDINGS AND RECOMMENDATIONS
     Adult Parole Operations,
15
             Respondent.
16
     _____/
17
             Petitioner was a California parolee when he filed this application for habeas relief
18
     pursuant to 28 U.S.C. § 2254, although the docket reflects a recent change of address to Folsom
19
     State Prison.  ECF No. 17.  Pending before the court is respondent's motion to dismiss, filed
20
     March 19, 2012.  ECF No. 12.  Petitioner filed his opposition on March 23, 2012.  ECF No. 13.
21
     This case was reassigned to the undersigned on November 19, 2012.  ECF No. 15.
22
             **Allegations of the Petition**
23
             Petitioner was convicted of identity theft pursuant to Cal. Pen. Code § 530.5(a) on
24
     August 24, 2009, and sentenced to a prison term of four years.  Petitioner's sentence included a
25
     three-year period of parole.  ECF No. 1 at 1.  On December 31, 2010, while in prison, petitioner
26

                                            1

enrolled in a substance abuse treatment program.  Petitioner paroled on June 22, 2011 to a drug

treatment incentive program (TIP).  Under state law, successful completion of the 150-day TIP

results in early discharge from parole.  Id. at 5.  In a July 14, 2011 interview with a parole agent,

petitioner was excluded from the TIP because his rap sheet indicated he had been convicted of

armed robbery in Louisiana in 1967.  Id. at 6.  That conviction rendered him ineligible for the

program and thus ineligible for early discharge from parole.

Petitioner claims a violation of due process by use of an "unlawful" prior

conviction to extend his parole.  Id. at 5.  Petitioner alleges that the prior conviction used to

extend his parole occurred within the jurisdiction of another state and was invalid and

unconstitutional.  Id. at 6.  Petitioner maintains that Louisiana has no record of the 1967

conviction and that his punishment has been enhanced absent compliance with the governing

California statutes.  Id.

**Motion to Dismiss**

Respondent moves for dismissal on the ground that petitioner fails to state a

federal habeas claim.  Respondent argues that no clearly established federal law holds that

parolees have a liberty interest in early discharge from parole supervision, and that petitioner's

claim amounts to no more than a challenge to a state court's interpretation of state law.

Respondent further contends that state procedures provide the sole remedy for correction of any

inaccurate information in a California rap sheet.

In opposition, petitioner argues that use of a "non-existent prior conviction to

enhance custody" merits federal habeas review.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), federal habeas relief is available for a prisoner in state custody

only on the basis of a violation of "clearly established Federal law, as determined by the

Supreme Court of the United States. . . ."  28 U.S.C. § 2254(a), (d)(1).  The phrase "clearly

established Federal law" refers to the "governing legal principle or principles" previously

2

articulated by the Supreme Court.  Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).  Clearly

established federal law also includes "the legal principles and standards flowing from

precedent."  Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v.

Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).  Circuit law has persuasive value regarding what

law is "clearly established" and what constitutes "unreasonable application" of that law.

Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044,

1057 (9th Cir. 2004).  However, only Supreme Court precedent may constitute "clearly

established Federal law."

        The Fourteenth Amendment's Due Process Clause prohibits state action that

deprives a person of life, liberty, or property without due process of law.  To allege a due process

violation, a litigant must first demonstrate that he was deprived of a liberty or property interest

protected by the Due Process Clause and then show that the procedures attendant upon the

deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

        Respondent is correct that no Supreme Court authority holds that parolees have a

liberty interest in early discharge from parole supervision.  The Supreme Court has never

addressed what procedures, if any, would be constitutionally required should such a liberty

interest exist.  There being no clearly established law providing a basis for petitioner's

entitlement to relief, the petition should be dismissed.

        Even apart from the stringent standard for federal habeas relief established by 28

U.S.C. § 2254(d), the absence of a constitutionally-protected interest in early termination of a

state sentence means that petitioner cannot obtain relief in this court.  Petitioner does not

challenge the constitutionality of his identity theft conviction or the sentence he is serving for

that offense.  His claim to early termination of that sentence is based entirely on state law.

Petitioner included with the instant application both the postcard denial of his habeas application

to the state Supreme Court and a copy of the reasoned decision by the Sacramento County

1  Superior Court denying his petition challenging his rejection from the post-prison drug treatment

2  program.  ECF No. 1 at 9-10.  The superior court judge observed that the TIP "was authorized

3  under the predecessor statute to" Cal. Pen. Code § 3050.[1]  Id. at 10.  The judge pointed out that

4  the program is not open to an inmate who is "currently serving" or has previously served "a prior

5  indeterminate sentence or sentence for a violent felony, a serious felony, or a crime that requires

6  him or her to register as a sex offender."  Id.  The judge also noted that the state statute does not

7  mandate qualified parolees' entrance in the program, but provides that qualifying parolees

8  should be entered into the 150-day program "whenever possible."  Accordingly, the state court

9  determined that petitioner was not guaranteed access to the drug treatment program under state

10  law and that the court "would not be able to order access."  Id. at 10-11.[2]

11          A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis

12  of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d

13  1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is

14  unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp,

---

[1]  Cal. Pen. Code § 3050 provides: "(a) Notwithstanding any other provision of law, any inmate under the custody of the Department of Corrections and Rehabilitation who is not currently serving and has not served a prior indeterminate sentence or a sentence for a violent felony, a serious felony, or a crime that requires him or her to register as a sex offender pursuant to Section 290, who has successfully completed an in prison drug treatment program, upon release from state prison, shall, whenever possible, be entered into a 150-day residential aftercare drug treatment program sanctioned by the department.
    (b) As a condition of parole, if the inmate successfully completes 150 days of residential aftercare treatment, as determined by the Department of Corrections and Rehabilitation and the aftercare provider, the parolee shall be discharged from parole supervision at that time."

[2]  The state court also found that the absence of a disqualifying conviction on his Louisiana criminal history record does not disprove the existence of such a conviction.  "While petitioner has shown that Louisiana records do not document a disqualifying conviction, the records search states that documents more than 10 years old may not appear.  The charging document in petitioner's case accused him of having a 1965 conviction for robbery in Louisiana and his arrest history shows both robbery and armed robbery convictions, along with a term at Angola State Prison.  These would disqualify petitioner from the treatment program.  If petitioner's criminal history report is incorrect, he may want to contact the California Department of Justice to seek a correction."  ECF No. 1 at 10.

768 F.2d at 1085; <u>see</u> also <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir. 1987); <u>Givens v. Housewright</u>, 786 F.2d 1378, 1381 (9th Cir. 1986).  "[A] mere error of state law . . . is not a denial of due process."  <u>Rivera v. Illinois</u>, 556 U.S. 148, 158 (2009) (quoting <u>Engle v. Isaac</u>, 456 107, 121, n. 21 (1982)).  Even if the state court decision denying petitioner relief was erroneous, petitioner would not be entitled to federal habeas relief.

Moreover, even if petitioner could challenge his exclusion from TIP in federal habeas, he could not do so on grounds that the Louisiana conviction was unconstitutional.  <u>See</u> <u>Lackawana County District Attorneys, et al. v. Coss</u>, 532 U.S. 394 (2001) (prior conviction may be challenged in federal habeas only to the extent it was used to enhance the present sentence, and only on grounds that petitioner's right to counsel was violated).   To the extent the Louisiana information on petitioner's California rap sheet is simply inaccurate, California provides a statutory remedy.  <u>See</u> <u>People v. Martinez</u>, 22 Cal.4th 106, 132 (Cal. 2000) (noting that there is a state statutory procedure for reviewing and correcting criminal history information in the state DOJ's possession); Cal. Pen. Code § 11126 (outlining procedure by which an individual may seek to correct or clarify the state summary criminal history information); Cal. Gov. Code § 11523 (setting forth procedure by which one may obtain judicial review of a state administrative decision by a petition for writ of mandate).  The court cannot determine whether petitioner has attempted to follow state procedures for rectifying any errors in his California criminal history record.  In any event, such error is not a ground for federal habeas relief.

Finally, assuming the relief that petitioner seeks by way of this petition is an order restoring him to the TIP and thus rendering him eligible for early discharge from parole, petitioner's apparent re-incarceration renders the matter moot.  For all these reasons, the motion to dismiss should be granted.

////

////

////

5

1    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

2  dismiss the petition (ECF No. 12) be granted and this case be closed.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5  days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  The parties are

9  advised that failure to file objections within the specified time may waive the right to appeal the

10  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: March 6, 2013.

12

13                                                ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE
14

15  AC:009
    bazl3232.mtd
16

17

18

19

20

21

22

23

24

25

26